UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTA COBLENTZ,
    Plaintiff,
-vs.-

LVNV FUNDING, LLC,
a foreign limited liability company,
and
BERNDT & ASSOCIATES, P.C.,
a Michigan corporation,
    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, KRISTA COBLENTZ, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY CARL SCHWARTZ**, and for her Complaint against the Defendants, pleads as follows:

**JURISDICTION**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Charlevoix County, Michigan.

3. Venue is proper in the Western District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in Boyne City, Charlevoix County, Michigan.

5. The Defendants to this lawsuit are:

    a. LVNV Funding, LLC ("LVNV") is a foreign limited liability company that conducts business in the State of Michigan; and

    b. Berndt & Associates, P.C. ("Berndt") is a Michigan corporation that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

6. Defendant Berndt is a Michigan law firm engaged in collecting consumer type debts from consumers.  In this case, it is attempting to collect a judgment in the amount of $868.60 owed by Plaintiff to a creditor for a debt that was incurred for personal, family and/or household use.  That debt was purchased by LVNV, a purchaser of consumer type debts.

7. At all times relevant to this case, Berndt was a known and disclosed agent of LVNV. LVNV is responsible for all actions, negligent and/or willful violations of the law, misrepresentations and misdeeds committed by Berndt in pursuing the interests of its agent, LVNV and committed within the scope of their relationship under the doctrine of Respondeat Superior.

8. In 2017, Berndt had been retained by LVNV to collect a judgment obtained against the Plaintiff by LVNV on May 1, 2017 in the amount of $848.60.

9. On October 25, 2019, Plaintiff filed for Bankruptcy under the Chapter 7 of the United States Bankruptcy code in the United States Bankruptcy Court for the Western District of Michigan and it was assigned document number 19-04514-jwb. All of Plaintiff's creditors, including LVNV, and its agent, Berndt had actual and/or constructive notice of this bankruptcy filing.

10. On March 5, 2020, Plaintiff received a general discharge from all of her debts including the debt those owed to LVNV. Indeed, Berndt received *actual notice* of the Plaintiff's bankruptcy discharge from the bankruptcy court. (Dkt #14 – Claim Nos 8471714).

11.

12. Despite having actual notice of the Plaintiff's bankruptcy and discharge, Berndt, in complete disregard for the fact that its client's claim against

Plaintiff had been discharged, wrongfully continued its illegal attempts to collect money from the Plaintiff.

13. On or about November 1, 2019, Berndt filed a tax garnishment on Plaintiff's State of Michigan income tax refund, to collect on the Judgment.

14. On March 31, 2020, Plaintiff received a Request for Income Information from the Michigan Department of Treasury. In the letter, the Michigan Department of Treasury stated that Plaintiff's Michigan tax refund is being withheld due of the garnishment filed by Berndt.

15. Defendants have not quashed the garnishment, despite receiving notice that Plaintiff's bankruptcy was discharged, in violation of the FDCPA.

16. Defendants' inaction to quash the garnishment and cease collecting on the Judgment was willful.

17. Plaintiff suffered pecuniary and emotional damages as a result of Defendants' actions.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times each Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting consumer type debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

21. Each Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Each Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e by using false, deceptive or misleading representations in connection with the collection of a debt when they represented to the clerk of the court in the underlying judgment and ultimately, to the State of Michigan, that the Plaintiff still owed a debt;  The defendants misrepresented the amount, character and legal status of the debt to the court clerk and the State of Michigan. Plaintiff.

   b. 15 U.S.C. §1692f by using unfair or unconscionable means to collect a debt by continuing to collect on the Judgment, despite receiving notice that Plaintiff's bankruptcy was discharged.

23. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from irritation stress and emotional damage.

24. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her statutory, and actual damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act against each Defendant.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

25. Plaintiff incorporates the preceding allegations by reference.
26. Each Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).
27. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).
28. Each Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:
    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.
29. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.
30. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code against each Defendant.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff incorporates the preceding allegations by reference.
32. Each Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.
33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.
34. Each Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:
    a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.
35. Plaintiff has suffered damages as a result of these violations of the MCPA.
36. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act against each Defendant.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees; and

d. Exemplary and Punitive Damages for Defendant's willful violation of the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

                        Respectfully submitted.

February 3, 2021        /s/ Carl Schwartz
                                  CARL SCHWARTZ (P70335)
                                  GARY HANSZ (P44956)
                                  CREDIT REPAIR LAWYERS OF AMERICA
                                  Attorneys for Plaintiff
                                  22142 West Nine Mile Road
                                  Southfield, MI 48033
                                  (248) 353-2882
                                  Fax (248) 353-4840
                                  Email – carl@crlam.com